In re Ronald Victor SEBOSKY, Debtor.

Bankruptcy No. 94–3699–3P7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 28, 1995.

---

Michael Mattson, Jacksonville, FL, for debtor.

Bruce R. Glassman, Jacksonville, FL, for Lana Turnbull.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING MOTION TO REQUIRE TRUSTEE TO EXAMINE ACTS AND CONDUCT OF DEBTOR TO DETERMINE WHETHER GROUNDS EXIST FOR DENIAL OF DISCHARGE*

GEORGE L. PROCTOR, Bankruptcy Judge.

Upon the evidence and argument submitted at the evidentiary hearing, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On August 30, 1994, debtor filed chapter 7 bankruptcy and Gregory K. Crews ("Trustee") was appointed trustee by the United States Trustee. Debtor's ex-wife, Lana Turnbull, formerly known as Lana Sebosky ("Turnbull"), contacted the trustee suggesting that the debtor was not disclosing all of his property. She provided the trustee a copy of an insurance information document which listed personal property and a video tape prepared by the debtor for the purpose of further listing his personal property for insurance purposes. Both the video and the information document, however, were prepared before the debtor and Turnbull were divorced and divided their property and, therefore, included items that Turnbull received in the dissolution of marriage.

After receiving the information from Turnbull, the trustee examined the debtor both by telephone and again at the meeting held pursuant to § 341, Bankruptcy Code, regarding his assets. The trustee then employed a personal property appraiser and provided him both the video tape and a copy of the insurance information document and instructed him to be particularly aware of whether any significant items on the document or video tape were not present.

Upon receiving the appraisal from the appraiser, the trustee provided a copy to Turnbull and requested that she inform him of any significant items not listed which she thought the debtor possessed. She responded by suggesting that a few items were missing and that some were undervalued. She also thanked the trustee for his thor-

oughness and for following through and having the assets checked.

On November 4, 1994, the trustee filed a Notice of Intent to Sell the debtor's non-exempt tangible personal property to the debtor and a copy was mailed to all creditors and parties in interest. The notice provided for a twenty day time period for objections to be filed. Turnbull acknowledged that she received a copy of the Notice. She did not file an objection within twenty days.

The last date to object to debtor's discharge was November 29, 1994. On that date, Turnbull filed a Motion to Require the Trustee to Examine Acts and Conduct of Debtor to Determine Whether Grounds Exist for Denial of Discharge and mailed a copy to him.

Turnbull testified that she chose to file the motion rather than filing an objection to discharge for cost reasons. The trustee testified that he had investigated the financial affairs of the debtor and did not believe grounds existed to deny debtor's discharge.

## CONCLUSIONS OF LAW

The duties of the trustee, as provided § 704 of the Bankruptcy Code, include investigation of the financial affairs of the debtor and, if advisable, opposition to the debtor's discharge. 11 U.S.C. § 727(c)(2) provides:

> On request of a party in interest, the court may order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.

Thus, if a trustee is not performing his duties, the Court, upon request of a party, may order him to do so. The uncontroverted evidence is that the trustee has performed his statutory duty by investigating the financial affairs of the debtor and concluded he should not oppose his discharge. Accordingly, a separate order denying the Motion to Require Trustee to Examine Acts and Conduct of Debtor to Determine Whether Grounds Exist for Denial of Discharge will be entered.